FILED
AUG 30 2007

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GERALD MILLER, | * | CIV 06-4083 |
| Petitioner, | * | |
| | * | **REPORT and RECOMMENDATION** |
| -vs- | * | |
| DOUGLAS WEBER, Warden, SD State Penitentiary, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Gerald Miller, an inmate at the South Dakota State Penitentiary Jameson Annex, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Petitioner has filed a Memorandum of Law in Support of his Petition (Docs. 2 and 5). The Respondent has filed an Answer to the Petition (Doc. 11). Petitioner filed a Traverse to Respondent's Answer (Doc. 12) and supporting Memorandum of Law (Doc. 13). The Court ordered the parties to file briefs, documentation and other appropriate authority showing cause why Petitioner's federal habeas petition should not be dismissed as untimely (Doc. 14). The Respondent thereafter moved to dismiss the Petition (Doc. 16) and filed a supporting Memorandum (Doc. 17). Petitioner submitted a Brief in Support of Equitable tolling (Doc. 19). The Court ordered Respondent to file an affidavit outlining the availability of legal materials and/or assistance at DOC facilities during Petitioner's confinement (Doc. 20). Respondent Douglas Weber filed an affidavit on August 29, 2007 (Doc. 22).

## JURISDICTION

Petitioner was convicted in Campbell County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Orders dated February 1, 2002 and November 29, 2006.

## PROCEDURAL HISTORY

Petitioner was indicted by a Campbell County, South Dakota Grand Jury on May 18, 1999. Two separate indictments were filed. The first indictment (CR 99-003-1) charged him with crimes against a child under the age of ten (J.L.S.). The first indictment included five counts: four counts of first degree rape in violation of SDCL § 22-22-(1)(1), and one count of sexual contact with a child under ten in violation of SDCL § 22-22-7. The second indictment charged him with crimes against a child under sixteen (J.R.S.). The second indictment (CR 99-003-2) included six counts: three counts of sexual contact with a child under sixteen in violation of SDCL § 22-22-7, and three counts of first degree rape in violation of SDCL § 22-22-1(1).

Petitioner entered into a written plea agreement with the State on November 2, 1999. Petitioner pled guilty to Count I (First Degree Rape) of the J.L.S. Indictment and to Count I (Sexual Contact with a Child under Sixteen) of the J.R.S. Indictment. The State dismissed the remainder of the charges in both indictments and recommended a twenty-five (25) year prison sentence for the rape charge, and a five (5) year prison sentence for the sexual contact charge, to be served concurrently.

A change of plea and sentencing hearing was held on November 2, 1999 at the Campbell County Courthouse in Mound City, South Dakota. The Honorable Jack Von Wald, Circuit Court Judge for the Fifth Judicial Circuit presided. After conducting a plea colloquy, Judge Von Wald accepted Petitioner's guilty plea. Petitioner waived (orally and in writing) his right to a pre-sentence investigation. Judge Von Wald sentenced Petitioner during the same hearing in accordance with the State's recommendation. Judgement was entered on November 2, 1999, sentencing Petitioner to twenty-five (25) years imprisonment for the first degree rape charge and five (5) years imprisonment for the sexual contact charge, to be served concurrently.

Petitioner did not file a direct appeal. On July 20, 2000, he wrote a letter to Judge Von Wald, requesting a reduction in his sentence. By letter dated July 25, 2000, Judge Von Wald denied Petitioner's request. Petitioner filed his state habeas petition on April 14, 2003. The grounds raised in Petitioner's state habeas petition were: (1) ineffective assistance of counsel (a) failure to raise the court's lack of jurisdiction to accept a guilty plea or hold a trial on the indictment; (b) failure to

2

acquire documentation regarding the Court's lack of jurisdiction and (2) Petitioner's unlawful restraint because of the Court's lack of jurisdiction; and (3) Petitioner's unlawful restraint because the Grand Jury exceeded its authority.

The Honorable Scott P. Myren, Circuit Court Judge for the Fifth Judicial Circuit, held an evidentiary hearing on June 8, 2004. Judge Myren issued a Memorandum Opinion on August 31, 2004. He filed Findings of Fact and Conclusions of Law and an Order denying Petitioner's petition for habeas corpus on September 23, 2004. After some confusion about the Certificate of Probable Cause, a second hearing was held on May 2, 2005. Judge Myren entered a second set of Findings of Fact and Conclusions of Law, and a second Order denying Petitioner's state petition on May 2, 2005. Petitioner filed a Motion for Certificate of Probable Cause on May 27, 2005. Judge Myren held a hearing on June 7, 2005. On June 10, 2005, Judge Myren issued a Certificate of Probable Cause on the following issues: (1) Whether Petitioner's trial counsel was ineffective regarding her advice about Petitioner's participation in a lie detector test; her advice regarding the plea deal; her investigation into the grand jury proceedings; and her failure to challenge allegedly improper or unlawful impanelment of the grand jury;[1] and (2) whether grand jury error resulted in the trial court's lack of jurisdiction, and whether any issue resulted in a violation of Petitioner's right to due process. The South Dakota Supreme Court affirmed the denial of Petitioner's state petition for habeas corpus on February 21, 2006. Petitioner filed his federal petition for writ of habeas corpus on May 16, 2006. Petitioner raises essentially the same grounds in his federal petition as he did in his state petition, with the addition of a claim that his state counsel was ineffective because she did not explain to him that he could appeal his conviction.

This Court ordered the Clerk to serve the federal petition on the Respondent and the Attorney General. The Respondent served its Response to the petition and provided the underlying state criminal and habeas corpus filings, but did not raise the timeliness issue. The Court's initial review of the federal petition along with the state documents indicated the federal petition was probably

---

[1] Although these issues were not explicitly presented in Petitioner's *pro se* state habeas petition, they were argued in the brief which was submitted to the state habeas court by Petitioner's court-appointed counsel on June 18, 2004, and were discussed during the evidentiary hearing on June 8, 2004.

3

untimely. The Court therefore alerted the parties to the timeliness issue pursuant to Day v. McDonough, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) and ordered briefing. The Respondent thereafter moved to dismiss. The Petitioner does not claim his petition is timely, but rather urges the Court to excuse his untimeliness because the AEDPA statute of limitations should be tolled. Relevant to the tolling issue is whether adequate law library resources were available to Petitioner during the time in question. For that reason, the Court ordered Respondent to submit an affidavit clarifying what legal resources were available to DOC inmates during the time Petitioner has been incarcerated.

## DISCUSSION

### 1. AEDPA Statute of Limitations

Petitioner's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); Beery v. Ault, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. Id. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." Id.; § 2244(d)(2).

Judgment was entered on Petitioner's conviction on November 2, 1999. He did not directly appeal his conviction. He filed his state habeas petition on April 14, 2003, and it was finally concluded with the South Dakota Supreme Court's denial of the writ on February 21, 2006. Petitioner filed his federal petition for writ of habeas corpus on May 16, 2006.

28 U.S.C. § 2244(d) provides:

(1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      **(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

      **(C)**    the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)**    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

While Petitioner's state habeas petition may have been timely pursuant to South Dakota law (See SDCL § 21-27-3.2) (prejudicial delay is assumed if state application filed more than five years after judgment of conviction), it was not filed in time to toll the federal one year statute of limitations. See generally, Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). See also Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired). In South Dakota, a criminal defendant must appeal his conviction within thirty days of the date the judgment of conviction is filed. See SDCL § 23A-32-15. Because he did not appeal his state conviction, Petitioner's state judgment became final for purposes of the AEDPA upon the expiration of thirty days after November 2, 1999–or on December 3, 1999. The

statute of limitations expired for his federal habeas claim one year from that date, or on December 3, 2000. Absent one of the exceptions described in 28 U.S.C. § 2244(d) or the application of equitable tolling, Petitioner's federal habeas petition is clearly time-barred.

### 2. Weber's Affidavit

"The absence of all federal materials from a prison library without making some alternative arrangements to apprise prisoners of their rights violates the First Amendment right, through the Fourteenth Amendment, to access the Courts." Egerton v. Cockrell, 334 F.3d 433, 438 (5th Cir. 2003) citing Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) and Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Lewis narrowed the requirements of Bounds to require only such legal information as the inmates need to challenge their convictions and conditions of confinement. Id. Edgerton specifically held that a state's failure to provide the materials necessary for a prisoner to challenge his conviction constitutes an "impediment" for purposes of § 2244(d)(1)(B). Edgerton, 334 F.3d at 438-39.

For this reason, and because Petitioner alleges he received inadequate advice from the SDSP legal aid, the Court required Respondent Weber to submit an affidavit explaining what legal resources were available to the inmates at the South Dakota DOC facilities during the relevant time frame. Weber submitted the affidavit on August 29, 2007. (Doc. 22). Petitioner has been confined at the Jameson Prison Annex (JPA) continuously since his incarceration began in November, 1999. Weber Affidavit ¶ 2. The SDSP closed its law library altogether in 1997. Id. ¶ 3. Contract attorneys were available to assist inmates in limited circumstances during the time the law library was closed. Id. ¶ 4. These circumstances included the preparation of initial pleadings involving habeas corpus and § 1983 conditions of confinement claims. Id. In May, 1999, partial law libraries were returned to the SDSP, the Jameson Annex, the Springfield State Prison, and the South Dakota Women's Prison pursuant to a settlement agreement in Morris v. State, Civ. 98-4118 and Scholl v. Delaney, Civ. 98-4068. The partial law libraries made some legal references available immediately until new law books and supplements could be ordered. By August, 1999 the law libraries were fully restored. Id. at ¶ 5. The "new" libraries contained, among other authorities, 28 U.S.C. §§ 2241-

2254, Federal Procedure (Lawyer's Edition) Vol. 16 (Habeas Corpus).[2]  The legal resources necessary for inmates to research the filing requirements for federal habeas corpus claims have been available at the Jameson Annex library, therefore, since the beginning of Petitioner's incarceration.

### 3. Equitable Tolling and § 2244(d)(1)(B

Petitioner asserts his failure to timely file a federal application should be excused by the doctrine of equitable tolling. See Doc. 19. The Eighth Circuit has recognized the one-year AEDPA statute of limitations may be equitably tolled. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling may be invoked only in limited circumstances, such as when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Id. (citations omitted). Equitable tolling is also appropriate when the conduct of the defendant has lulled the petitioner into inaction. Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). A close reading of Petitioner's Brief in Support of Equitable Tolling (Doc. 19) could also be interpreted as an assertion that the State created an impediment to filing his federal application, in violation of his constitutional right of access to the courts. Specifically Petitioner asserts when he saw Mr. Lee (the prison legal aid) in the hallway he asked Lee about a habeas and "he was informed that in South Dakota a person has five years to file a habeas corpus. During this time period there was no law library. Petitioner was therefore unable to research or verify this information."  The applicability of the doctrine of equitable tolling and the tolling allowed by a state-created impediment pursuant to § 2244(d)(1)(B) will be discussed in turn.

#### A. Equitable Tolling

Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner cites the prison law library's "limited legal materials", the fact that inmates are not allowed time off from their jobs to use the

---

[2]The court is otherwise aware that the South Dakota DOC also provides inmates with "fill-in-the-blank" forms for both § 1983 claims and § 2254 petitions.

library, and the inadequate legal advice from legal aid employed by SDSP as extraordinary circumstances beyond his control which require equitable tolling.

In Walker, the Court refused to apply equitable tolling because among other reasons, the prison provided the inmates with "fill-in-the-blanks" forms designed for completion without the assistance of counsel. The Court notes these "fill-in-the-blank" forms are also available to South Dakota DOC inmates, and Petitioner used one (AO form 241) in this case. The AEDPA one year statute of limitation is printed in the margin on page 14 of the form.[3]

The Eighth Circuit has explained that if a prison law library makes available the necessary information regarding federal habeas applications (including the relevant statute of limitations) a prisoner "has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007). Petitioner attached to Doc. 19 a letter clarifying that the federal sentencing guidelines and the U.S. Criminal Code are not available in the SDSP law library. He complains there is "still limited legal material" in the law library. Petitioner does not explain, however, how the federal sentencing guidelines or the U.S. criminal code would have assisted him in filing his federal habeas action in a timely manner. Id. at 1005 (no actual injury caused by failure to provide legal books other than those necessary to preserve federal habeas claim).

Petitioner also complains he was not allowed time off work to use the law library. He makes no assertion, however, that he did not have sufficient time during the year after his conviction became final to prepare his habeas claim. The Entzi Court also explained that "there is no freestanding constitutional right to a particular number of hours in the prison law library" and "[prison] officials' refusal to permit [petitioner] to bring books into his cell thus did not violate the

---

[3] According to the AO Library of Forms, AO 241 was revised in 2004 to add the information about AEDPA one year statute of limitations. Even if the forms which were available to Petitioner during the relevant time frame did not explicitly inform him of the statute of limitations, they were nonetheless available for him to use to make his federal habeas claim, had he wished to do so.

constitution." Id. at 1005. That Petitioner could not use the law library during work hours, therefore, does not justify equitable tolling.

A prisoner's own ignorance of the law regarding the statute of limitations, or the interaction between the AEDPA and his state proceedings, does not justify equitable tolling. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) emphasized that "prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Id. (citations omitted, internal punctuation altered.) Petitioners are expected to diligently pursue, monitor and investigate their own post-conviction cases. Maghee v. Ault, 410 F.3d 473, 476-77 (8th Cir. 2005). Simply alleging a lack of legal knowledge or understanding of the law, therefore, is insufficient to invoke equitable tolling. Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); Cross-Bey v. Gammon, 322 F.3d 1012, 1016 (8th Cir. 2003).[4]

Petitioner also cites SDSP legal aid Brian Lee's advisement that "in South Dakota a person has five years to file a habeas" as a basis for his equitable tolling claim. As noted above, this advice may have been correct as it pertained to Petitioner's state habeas claim. Petitioner does not assert that he inquired about a federal habeas claim or statute of limitation, or the effect of the timing of the filing of his state application when he made his inquiry to Mr. Lee. To the contrary, Petitioner admitted he was unaware he could appeal his conviction or seek habeas relief. Likewise, that Petitioner received inadequate or incomplete advice from Mr. Lee does not justify equitable tolling. The United States Supreme Court has recently spoken on this issue in the context of state-appointed habeas counsel. See Lawrence v. Florida, 127 S.Ct. 1079 (2007). In Lawrence, the Petitioner missed the one year AEDPA statute of limitation. He claimed that his counsel–appointed by the

---

[4] In his Petition, before the one-year statute of limitations became a potentially dispositive issue, in addition to claiming no law library existed at the SDSP Petitioner admitted he simply did not know he could appeal his conviction or apply for a writ of habeas corpus. See Doc. 1, Response No. 18.

9

state to represent him–miscalculated the limitations period, thus entitling him to equitable tolling. The United States Supreme Court rejected the argument because (1) prisoners have no constitutional right to counsel in the postconviction context; and (2) a state's effort to assist prisoners in postconviction proceedings does not make the state accountable for a prisoner's delay. "It would be perverse indeed if providing prisoners with postconviction counsel deprived States of the benefit of the AEDPA statute of limitations." Lawrence, Id. at 1086-87. See also Lewis v. Crosby, 2005 WL 3054045 (M.D. Fla, Nov. 14, 2005) (incorrect legal advice regarding calculation of the one-year period does not justify equitable tolling, gathering cases).

Finally, the Eighth Circuit has noted generally that equitable tolling affords the otherwise time-barred prisoner an "exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d at 805. In Jihad, the following were rejected as "extraordinary circumstances" which the Petitioner claimed entitled him to equitable tolling: an unsuccessful search for postconviction counsel; no access to his trial transcript, and unsuccessful attempts to obtain advice from state and federal officials about how to commence his habeas claim. Instead of "extraordinary circumstances" the court characterized these as the kinds of obstacles faced by most habeas petitioners, which Congress presumably considered when it enacted the one-year limitations period. Id. at 806-07.

Petitioner has only vaguely asserted that he stopped a legal aid in the hallway to inquire about the time limit for habeas claims in South Dakota. In his initial petition, he admitted that he was unaware he could appeal his conviction or request habeas relief. Additionally, the South Dakota DOC has, at all relevant times, provided the necessary legal materials for Petitioner to properly pursue a timely federal application for habeas corpus had he chosen to do so. Petitioner has failed to show that he pursued his rights diligently or that any extraordinary circumstances stood in his way which prevented timely filing. Equitable tolling is not applicable in this case.

**B. § 2244(d)(1)(B**

This statutory provision provides the one-year limitation period for filing a federal habeas petition begins to run when an impediment created by State action which violates the Constitution

or laws of the United States is removed, if the State action prevented the Petitioner from filing the petition. In this case, Petitioner ostensibly asserts the DOC's lack of an adequate law library and the faulty legal advice he received from the prison legal aid constitute an "impediment created by State action" pursuant to § 2244(d)(1)(B) which should toll the statute of limitations.

A state's failure to make available the AEDPA, which sets forth the basic procedural rules prisoners must follow to file a federal habeas corpus claim, "is just as much of an impediment as if the State were to take affirmative steps to prevent the petitioner from filing the application." Egerton v. Cockrell, 334 F.3d 433, 438 (5th Cir. 2003). The absence of all federal materials from a prison library, therefore, without making some alternative arrangements to advise prisoners of their federal habeas rights, constitutes an "impediment" for purposes of § 2244(d)(1)(B). Id. at 438-39.

The Eighth Circuit has directly addressed the adequacy of legal assistance/law library materials as a state-created "impediment" for purposes of § 2244(d)(1)(B) in Finch v. Miller, 491 F.3d 424 (8th Cir. 2007). "Prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 427 (citations omitted). The inmate claiming the impediment must show more than the prison law library or legal assistance was "subpar in some theoretical sense." Id. The Finch Court found that no state-created impediment prevented timely filing pursuant to § 2244(d)(1)(B) because the petitioner could not demonstrate an alleged shortcoming in the prison library or legal assistance program that *actually hindered his efforts* to file a timely federal habeas claim.

The Court examined a § 2244(d)(1)(B) claim again in Entzi v. Redmann, 485 F.3d 998 (8th Cir. 2007). There, as here, the petitioner urged inadequacy of the prison law library prejudiced his untimely federal habeas application. The Eighth Circuit rejected the § 2244(d)(1)(B) claim because "at the relevant time the prison made available in its library several copies of recent editions of the 'Federal Civil Judicial Procedure and Rules' which described the applicable statute of limitations

11

. . . .[petitioner] therefore has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." Id. at 1005.

Similarly, Respondent Weber has explained that at all relevant times the Jameson Annex law library contained volumes of the U.S. Code, Federal Rules of Civil Procedure and treatises which contained the AEDPA and described the applicable statute of limitations for Petitioner's federal habeas claim. Petitioner has no basis to complain, therefore, that a state-created impediment existed which prevented him from filing his petition in a timely manner. The one-year statue of limitations will not be tolled by the application of 28 U.S.C. § 2244(d)(1)(B).

## **CONCLUSION AND RECOMMENDATION**

Because more than one year passed during which no direct appeal or state habeas petitions were pending before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply.

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" Randolph v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is therefore respectfully RECOMMENDED to the District Court that:
(1) Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.

12

(2)     No Certificate of Appealability be issued.

(3)     Respondent's Motion to Dismiss (Doc. 16) be GRANTED.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986)

Dated this 30th day of August, 2007.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Sharon Loura_
(SEAL)      DEPUTY